UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MONICA C., ) | |
| ) | |
| **PLAINTIFF** ) | |
| ) | |
| v. ) | |
| ) | CIVIL NO. 2:19-CV-298-DBH |
| ANDREW M. SAUL, COMMISSIONER, ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| **DEFENDANT** ) | |

### ORDER AFFIRMING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

On July 5, 2020, the United States Magistrate Judge filed with the court, with copies to counsel, his Report and Recommended Decision. The plaintiff filed an objection to the Recommended Decision on July 20, 2020. The plaintiff's motion to file a reply memorandum is **GRANTED**. Oral argument via telephone was held on August 13, 2020.

I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision, as elaborated below, and determine that no further proceeding is necessary.

In her objection to the Magistrate Judge's Report and Recommended Decision, the plaintiff contests only his ruling on her Lucia[1] Appointments-Clause challenge to the Administrative Law Judge's (ALJ) authority. I add the following elaboration as to why her challenge is unsuccessful.

On May 8, 2018, the Appeals Council declined to assume jurisdiction of the case, making the ALJ's denial of benefits the final determination of the Commissioner. See Appls. Council Letter at 16-18 (ECF No. 9-11).[2] Not until July 26, 2018, did the plaintiff raise her Lucia Appointments-Clause challenge. See Pl. Letter at 13 (ECF No. 9-11). It was therefore an untimely challenge. Later-promulgated SSR 19-1p does not give her any relief. See SSR 19-1p, 84 FR 9582 (Mar. 15, 2019). That Ruling was not effective until March 15, 2019, and it applies to "cases pending at the Appeals Council in which the claimant has raised a timely challenge to the appointment of an administrative law judge (ALJ) under the Appointments Clause . . . in light of . . . [Lucia]." Id. (explaining the SSR's purpose). The plaintiff's case was no longer pending at the Appeals Council when she made her Lucia challenge on July 26, 2018.

I will assume that the Appeals Council for some reason did not send its May 8, 2018, ruling to the plaintiff's lawyer until April 23, 2019, as the plaintiff contends and as the Commissioner conceded at oral argument. Pl.'s Appl. at 2 (ECF No. 21). But that does not change the date of the Appeals Council decision to decline jurisdiction. The late mailing *does* affect when the plaintiff had to file

---

[1] Lucia v. SEC, 138 S. Ct. 2044 (2018).
[2] Citations to documents filed in ECF refer to the document page number included in the ECF heading at the top of each page.

her court challenge to the Commissioner's decision, because the statute requires that the lawsuit be "commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). When the Appeals Council learned that its May 8, 2018, letter had not been received, it did extend the time for filing the plaintiff's lawsuit for 30 days from the date the plaintiff's lawyer received its letter to that effect. Appls. Council Letter at 2-3 (ECF No. 9-11). The fact that in her letter requesting the extension of time the plaintiff also renewed her request that the Appeals Council consider her Lucia challenge did not make her case a "pending" case.³ Pl. Letter at 5 (ECF No. 9-11).

Finally, it appears that there is now a circuit split on the question whether a plaintiff in a social security case must raise her Appointments-Clause challenge at the administrative level or can raise it for the first time in federal court. Compare Cirko ex rel. Cirko v. Comm'r of Soc. Sec., 948 F.3d 148, 153-60 (3d Cir. 2020) (holding that exhaustion of Appointments-Clause claims is not required in the social security context), with Davis v. Saul, 963 F.3d 790, 792-95 (8th Cir. 2020) (concluding that the Appointments-Clause issue had been waived), and Carr v. Comm'r, SSA, 961 F.3d 1267, 1271-76 (10th Cir. 2020) (same). The First Circuit has not taken a position on that issue, and I agree with

---

³ I do not find it useful to debate whether the Appeals Council had "jurisdiction" to act. I also observe that although the plaintiff's lawyer may have thought the case was still pending when he made the Lucia challenge on July 26, 2018, the plaintiff was not prejudiced by that misunderstanding. The Appeals Council had declined jurisdiction, and the case was no longer pending before the Appeals Council when the Supreme Court decided Lucia on June 21, 2018, so it was too late then to raise the issue regardless.

the Magistrate Judge that until then we should follow the position previously taken in this District, Christy A. L. v. Saul, No. 2:18-cv-00260-JDL, 2019 WL 2524776, at *3 (D. Me. June 19, 2019), R. & R. adopted, 2019 WL 3459227 (D. Me. July 30, 2019), and by the "vast majority" of district courts, that the issue must first be raised at the administrative level.  Rep. & Rec. Dec. at 5-6 (ECF No. 20) (citing Christy A. L., 2019 WL 2524776, at *3).

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**.  The Commissioner's decision is **AFFIRMED**.

**SO ORDERED.**

**DATED THIS 19TH DAY OF AUGUST, 2020**

/s/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

4